UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDREW M. RAUB,

    Plaintiff,

v.                                                  CASE NO: 8:06-cv-1463-T-26TGW

GARRARD CARPENTRY, INC.,

    Defendant.
_____/

**O R D E R**

Before the Court is Plaintiff's Motion for Attorney's Fees (Dkt. 61), Defendant's Verified Response and supporting Memorandum of Law. (Dkts. 67 & 68). The Court finds an evidentiary hearing unnecessary. After careful consideration of the submissions of the parties, the Court concludes that the Motion should be granted in part and denied in part.

**BACKGROUND**

Plaintiff filed this action in state court for unpaid wages pursuant to Florida law and for overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (FLSA). When Defendant removed the case, two named Defendants existed: Garrard Carpentry, Inc. (Garrard) and its leasing company, Omega Business Solutions, Inc.

(Omega). On August 14, 2006, however, Omega was dismissed.[1] The case proceeded after that date against Garrard only. After the close of all the evidence, the Court granted Defendant's motion for judgment as a matter of law as to count one for unpaid wages under Florida law. The Court granted Plaintiff's motion for judgment as a matter of law on the issue of liability, finding that Plaintiff was a non-exempt employee of Garrard entitled to overtime compensation.[2] After an overnight recess, the parties reached a settlement in the amount of $15,000.00 with respect to the amount of damages owed Plaintiff.[3] The Court reserved jurisdiction to enforce the settlement agreement and to determine the amount of costs and attorneys' fees, should the parties be unsuccessful in resolving the amount.[4] The parties failed to reach an agreement.

**ARGUMENT**

Plaintiff seeks $49,115.65, which includes $47,490.00 in attorney fees and $1,625.65 in costs. Defendant does not object to the costs sought, but strongly disagrees with awarding attorney fees in an amount greater than $20,000.00. Defendant has designated, line by line, the time incurred that it believes was not reasonably expended. To that end, Defendant claims the time spent on its leasing company, Omega, should be denied because Omega was dismissed at a very early stage in the litigation. Defendant

---

[1] See docket 31, Pretrial Statement, at p. 1.

[2] See docket 55.

[3] See docket 56.

[4] See docket 57.

contends that the time spent on count one for unpaid wages, as opposed to count two for overtime compensation under the FLSA, should also be denied.

## APPLICABLE LAW

Attorney fees in cases under the FLSA are mandatory; however, the court has discretion to determine the reasonableness as to the number expended on the particular case. See 29 U.S.C. § 216(b);[5] Christiansburg v. Garment Co. v. EEOC, 434 U.S. 412, 415 & n. 5, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978) (noting that use of "shall" in § 216(b) makes fee award mandatory for prevailing plaintiff); Blum v. Stenson, 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). The lodestar is calculated by multiplying the number of hours reasonably expended by a customary and reasonable hourly rate for the community. See Loggerhead Turtle v. County Council of Volusia County, Fla., 307 F.3d 1318, 1321 n. 3 (11th Cir. 2002) (citing Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). Certain circumstances permit an adjustment of the lodestar amount. See Blum, 465 U.S. at 888.

The Court finds that the hourly rates of $250 and $200 for counsel are reasonable for the community, and that an hourly rate of $50 is reasonable for paralegal work. The issue is whether the number of hours expended in this case is reasonable. In examining

---

[5] Section 216(b) permits attorney's fees to be recovered by the plaintiff if the plaintiff is the prevailing party in an action for overtime compensation. The section provides in pertinent part, "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

the time sheets, the Court must exercise its judgment and discretion and may reduce the number of hours if the claim for hours is "excessive or unnecessary." See Duckworth v. Whisenant, 97 F.3d 1393, 1397 (11th Cir. 1996); Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1301-02 (11th Cir. 1988). Discrete and unsuccessful claims do not merit consideration as reasonable. Norman, 836 F.2d at 1302 (citing Hensley, 461 U.S. at 435, 103 S.Ct. at 1940). Likewise, redundant hours, ones for which multiple attorneys or staff billed, may be deducted. Norman, 836 F.2d at 1302.

## ANALYSIS

The Court finds the majority of Defendant's specific objections convincing. Any work performed on Omega is "unsuccessful" in the sense that Omega was dismissed at an early stage of the litigation. At least 2.8 hours of attorney time was spent on issues involving Omega and, therefore, $700.00 must be deducted from the total award. With respect to the time sheets, the hours of work performed are not always clearly delineated as to what amount of time was spent on the state claim, which would not be recoverable as "unsuccessful" time, and what time was spent on the FLSA claim, which would be recoverable. Consequently, the Court determines that the hours directed to research of the claim or time preparation with the client must be reduced, because the Court granted a motion for judgment as a matter of law on the state claim in count one. The Court finds that 35 hours of attorney time is considered redundant or unsuccessful, amounting to $8,750.00. Finally, with respect to the time expended by the paralegal as clerical, rather than legal, the Court finds that 12 hours of paralegal time is considered clerical in nature,

totaling $600.  The total amount to be deducted from the fees equals $10,050.00, and the Court therefore awards $34,420.00 in fees and $1,625.65 in costs for a total of $36,045.65.

It is therefore **ORDERED AND ADJUDGED** as follows:

(1) Plaintiff's Motion for Attorney Fees (Dkt. 61) is granted in part and denied in part.  Plaintiff shall be awarded $34,420.00 in attorney's fees and $1,625.65 in costs for a total of $36,045.65.

(2) The clerk is directed to enter judgment in favor of Plaintiff in the amount of $36,045.65.

(3) The clerk is directed to close the case.

**DONE AND ORDERED** at Tampa, Florida, on April 10, 2008.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record